UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALFREDO CARDENAS,**

    **Plaintiff,**

                      **CASE NO.:**

**v.**

**JACOBSEN HOMES OF LAKE CITY, LLC,**
**d/b/a JACOBSEN HOMES/MANUFACTURED**
**& MODULAR HOMES IN FLORIDA,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Alfredo Cardenas, by and through undersigned counsel, hereby brings this action against Defendant, Jacobsen Homes of Lake City, LLC, d/b/a Jacobsen Homes/ Manufactured & Modular Homes In Florida, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Pinellas County which is in this district.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a prefabricated home manufacturing business in Safety Harbor, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of Title VII and the FCRA.

10. At all times material hereto, Defendant was an "employer" within the meaning of Title VII and the FCRA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

13. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a).

14. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

## FACTS

15. Plaintiff began working for Defendant as a Welder in August 2001, and he worked in this capacity until July 2020.

16. Plaintiff is a dark-skinned Hispanic male.

17. Plaintiff complained about the disparate treatment that he was receiving based on race, color, and national origin.

18. Plaintiff tried to report the disparate treatment that he received from his supervisor, Tom Brigade, who is Caucasian, however a Cuban employee would always be asked to translate and Plaintiff does not know what was stated.

19. Defendant responded to Plaintiff's complaints by stating there was nothing they could do for him.

20. Plaintiff was laid off with other workers. However, shortly thereafter, Plaintiff learned the other workers, non-Hispanic workers, were being called back to work.

21. Defendant did not call Plaintiff back to work until Plaintiff initiated contact with Defendant on or about July 28, 2020, inquiring about his status.

22. On or about July 28, 2020, Plaintiff was injured at work. Specifically, Plaintiff later discovered he had a hernia.

23. On or about July 30, 2020, Plaintiff notified Defendant of the injury that he had suffered at work.

24. Defendant did not refer Plaintiff to seek medical care and did not provide any information regarding workers compensation.

25. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he sustained at work, or in the alternative, Plaintiff reasonably believed that he had a valid claim under the FWCA.

26. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

27. Plaintiff was also a qualified individual with a disability.

28. Plaintiff's injury left him with restrictions that necessitated accommodations from Defendant.

29. Plaintiff requested reasonable accommodations for his disability.

30. Defendant denied the requests for accommodations.

31. Only three days after being injured on the job and requesting accommodations, Defendant terminated Plaintiff, stating his boss no longer wanted him there.

32. On or about July 30, 2020, Defendant retaliated against Plaintiff for lawfully claiming benefits under the FWCA by refusing to allow Plaintiff to return to work.

33. Defendant also terminated Plaintiff on account of his race, color, and national origin.

34. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII when it did not initially recall Plaintiff back to work from the lay off and, later, when it terminated Plaintiff's employment.

## COUNT I – TITLE VII VIOLATION
## (RACE/COLOR/NATIONAL ORIGIN DISCRIMINATION)

35. Plaintiff re-alleges and readopts the allegations of paragraphs 1-10, 15-21, and 33-34 of this Complaint as though fully set forth herein.

36. The foregoing actions of Defendant constitute race discrimination against Plaintiff in violation of Title VII.

37. As a dark-skinned Hispanic male, Plaintiff is a member of a protected class.

38. Plaintiff was qualified for his position.

39. Plaintiff was injured due to Defendant's violations of Title VII, including not being recalled after the lay-off with other employees, denial of workers compensation, as well as, his termination.

40. Defendant's actions were willful and done with malice.

41. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor against the Defendant:

    a. Declaring the actions of the Defendant is in violation of Title VII;

    b.    Enjoining and permanently restraining the Defendant from further violations of Title VII;

    c.    Directing Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment against Defendant and in favor of Plaintiff for his monetary losses suffered as a direct result of Defendant's violations of Title VII;

    d.    Awarding front pay to Plaintiff;

    e.    Awarding compensatory and punitive damages to Plaintiff;

    f.    Awarding reasonable attorney's fees and costs to Plaintiff.

## COUNT II – TITLE VII VIOLATION
### (RETALIATION)

42.    Plaintiff re-alleges and readopts the allegations of paragraphs 1-10, 15-21, and 33-34of this Complaint as though fully set forth herein.

43.    Plaintiff engaged in a protected activity as defined by Title VII. Plaintiff was not recalled back to work with the other employees, denied workers compensation information, and ultimately terminated by Defendant as a result of engaging in such activity.

44.    Plaintiff has been injured by the Defendant's unlawful retaliation in violation of Title VII. Plaintiff has suffered loss of wages and other employment

benefits and emotional pain, anguish, and hurt because of the actions of the Defendant.

45. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

46. Plaintiff was injured due to Defendant's willful violations of Title VII, to which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor against the Defendant:

    a. Declaring the actions of the Defendant is in violation of Title VII;

    b. Enjoining and permanently restraining the Defendant from further violations of Title VII;

    c. Directing Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment against Defendant and in favor of Plaintiff for her monetary losses suffered as a direct result of Defendant's violations of Title VII;

    d. Awarding front pay to Plaintiff;

    e. Awarding compensatory and punitive damages to Plaintiff;

    f. Awarding reasonable attorney's fees and costs to Plaintiff.

## COUNT III –ADA VIOLATION
## (DISABILITY DISCRIMINATION)

47. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 11-12, 15, 20-21, and 27-31 of this Complaint, as though fully set forth herein.

48. Plaintiff is a member of a protected class under the ADA.

49. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

50. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, refused to provide information about workers compensation, denied Plaintiff a reasonable accommodation, and ultimately terminated Plaintiff's employment.

51. Defendant's actions were willful and done with malice.

52. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter an injunction restraining continued violation of the ADA;

    d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT IV—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

53.    Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 11-12, 15, 20-21, and 27-31 of this Complaint, as though fully set forth herein.

54.    Plaintiff is disabled, or was perceived by Defendant as being disabled.

55. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issues and that this Court take jurisdiction over the case;
- c) An injunction restraining continued violation of law enumerated herein;
- d) Compensation for lost wages, benefits, and other remuneration;
- e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;
- f) Compensatory damages, including emotional distress, allowable at law;
- g) Punitive damages;
- h) Prejudgment interest on all monetary recovery obtained;
- i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **COUNT V – ADA RETALIATION**

58. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 11-12, 15, 20-21, and 27-31 of this Complaint, as though fully set forth herein.

59. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

60. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

61. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

62. Defendant's actions were willful and done with malice.

63. The adverse employment action that Defendant took against Plaintiff was material.

64. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d)    That this Court enter an injunction restraining continued violation of the ADA;

    e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

## **COUNT VI – FCRA VIOLATION**
**(RACE/COLOR/NATIONAL ORIGIN/DISABILITY DISCRIMINATION)**

65. Plaintiff realleges and readopts the allegations of paragraphs 1-10, 15-21, 27-30, and 33-34 of this Complaint, as though fully set forth herein.

66. Plaintiff is a member of a protected class under the FCRA.

67. Plaintiff was subjected to disparate treatment on account of his race, color, and national origin, as well as disability.

68. Plaintiff was qualified for his position.

69. Plaintiff was injured due to Defendant's violations of the FCRA, including not being recalled after the lay-off with other employees, denial of workers compensation, denial of reasonable accommodations, as well as, his termination.

70. Defendant's actions were willful and done with malice.

71. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

 e) Any other compensatory damages, including emotional distress, allowable at law;

 f) Punitive damages;

 g) Prejudgment interest on all monetary recovery obtained;

 h) All costs and attorney's fees incurred in prosecuting these claims; and

 i) For such further relief as this Court deems just and equitable.

## **COUNT VII – FCRA RETALIATION**

72. Plaintiff realleges and readopts the allegations of paragraphs 1-10, 15-21, 27-30, and 33-34 of this Complaint, as though fully set forth herein.

73. Plaintiff is a member of a protected class under the FCRA.

74. Plaintiff exercised or attempted to exercise his rights under FCRA by reporting the discrimination to his supervisor, thereby engaging in protected activity under FCRA.

75. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by not recalling Plaintiff with other employees after the lay-off, denial of workers compensation information, and terminating his employment.

76. Defendant's actions were willful and done with malice.

77. Defendant took material adverse action against Plaintiff.

78. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;
- d) Compensation for lost wages, benefits, and other remuneration;
- e) Front pay;
- f) Any other compensatory damages, including emotional distress, allowable at law;
- g) Punitive damages;
- h) Prejudgment interest on all monetary recovery obtained;
- i) All costs and attorney's fees incurred in prosecuting these claims; and
- j) For such further relief as this Court deems just and equitable.

## **COUNT VIII – WORKERS' COMPENSATION RETALIATION**

79. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 13-15, 20-26, and 31-32 of this Complaint, as though fully set forth herein.

80. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

81. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by refusing to allow Plaintiff back to work.

82. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

d) Compensation for lost wages, benefits, and other remuneration;

e) Compensatory damages, including damages recoverable for emotional distress allowable at law; and

f) For such further relief as this Court deems just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 12th day of January, 2022.

                Respectfully submitted,

                */s/ Brandon J. Hill*
                **BRANDON J. HILL**

        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**